**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 26-11926

Non-Argument Calendar

————————————

JUSTIN MICHAEL ROSSI,

*Petitioner-Appellant,*

*versus*

STATE OF FLORIDA,
DEPARTMENT OF CHILDREN AND FAMILIES,
FLORIDA STATE HOSPITAL,

*Respondents-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:26-cv-00121-AW-MJF

————————————

Before ROSENBAUM, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

2                        Opinion of the Court                    26-11926

Justin Rossi, pro se, appeals from the magistrate judge's orders denying his motions for appointment of counsel and a hearing, which were entered in his 28 U.S.C. § 2241 habeas corpus action.

We lack jurisdiction over this appeal because it is not taken from final or otherwise appealable orders.  The orders Rossi challenges are not final because they did not end the litigation on the merits, as Rossi's § 2241 petition was still pending when he appealed.  *See* 28 U.S.C. § 1291; *CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (explaining that a final judgment ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment).  Additionally, the orders are not appealable under the collateral order doctrine because there is no indication that they would be effectively unreviewable on appeal from the final judgment.  *See Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that an order is immediately appealable under the collateral order doctrine if it would be effectively unreviewable on appeal from the final judgment, among other things); *Hodges v. Dep't of Corr.*, 895 F.2d 1360, 1361 62 (11th Cir. 1990) (providing that the denial of a motion for appointment of counsel in a civil case is not immediately appealable under the collateral order doctrine).

Furthermore, the district court's later dismissal of Rossi's § 2241 petition does not cure his premature appeal.  *See Robinson v. Tanner*, 798 F.2d 1378, 1382-83 (11th Cir. 1986) (explaining that a subsequent final judgment cures a premature appeal only when the appeal is from an otherwise final order dismissing a claim or party).

26-11926                Opinion of the Court                3

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.